# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIANNE HEIGL, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>WASTE MANAGEMENT OF NEW YORK, LLC and WASTE MANAGEMENT, INC.,<br><br>                Defendants. | Civil Action No.: 19-cv-05487<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Julianne Heigl ("Plaintiffs"), through her undersigned attorneys, Bursor & Fisher, P.A., bring this Class Action Complaint against Defendants Waste Management of New York, LLC and Waste Management, Inc. ("Defendants"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## NATURE OF THE ACTION

1. Up until at least September 2019, in direct violation of New York law, Defendants charged a $6.50 fee, which Defendants call an "Administrative Charge," in order for their customers to receive a paper billing statement and/or pay by United States mail.[1]

2. Indeed, a portion of Defendants' website entitled "Explanation of Common Charges," states "The Administrative Charge is applicable to collection customers. The

---

[1] In a September 17, 2019 letter responding to Plaintiff's counsel's August 30, 2019 letter, Defendants indicated that they stopped charging the "Administrative Charge" to customers with a New York address.

Administrative Charge covers the cost of generating paper invoices and processing paper invoice payments:"[2]

**Administrative Charge**

The Administrative Charge is applicable to collection customers. The Administrative Charge covers the cost of generating paper invoices and processing paper invoice payments. By

3. Defendants' conduct is prohibited by New York General Business Law ("GBL") § 399-zzz, and therefore constitutes a deceptive act and practice under GBL § 349.

4. Accordingly, Plaintiff brings this putative class action on behalf of herself and all other similarly situated New Yorkers, and seeks compensatory damages, statutory damages, and injunctive relief.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because Defendant Waste Management of New York, LLC is headquartered in this District and because Defendants transact business and/or have agents within this District.

## PARTIES

7. Plaintiff Julianne Heigl is a citizen of New York who resides in Hamburg, New York. For approximately 10 years, Ms. Heigl has had an account with Defendants to receive

---

[2] https://support.wm.com/hc/en-us/articles/360028617632-Explanation-of-Common-Charges- (last visited Sept. 19, 2019).

regular garbage collection and disposal, and since at least 2016, Defendants have charged Ms. Heigl a fee to receive a paper billing statement and/or pay by United States mail, which Ms. Heigl has paid. A screenshot of the $6.50 Administrative Charge to receive a paper billing statement and/or pay by United States mail from Ms. Heigl's August 2019 statement is below:

Details for Service Location:     Customer ID: 17-17450-23009
Heigl, Julie, 3600 Columbia St, Hamburg NY 14075-2714

| Description | Date | Ticket | Quantity | Amount |
|---|---|---|---|---|
| Recyclable material offset | | | | 2.86 |
| Service discount | 08/01/19 | - | 1.00 | (6.00) |
| Bin service rel rcy | 08/01/19 | | 1.00 | 0.00 |
| 96 Gal toter rel | 08/01/19 | | 1.00 | 65.43 |
| Fuel / environmental charge | | | | 19.50 |
| Regulatory cost recovery charge | | | | 2.84 |
| **Administrative charge** | | | | **6.50** |
| Erie county/nys sales tax | | | | 8.00 |
| **Total Current Charges** | | | | **99.13** |

8. Defendant Waste Management of New York, LLC is a New York limited liability corporation with its principal place of business at 123 Varick Avenue, Brooklyn, New York 11237. Waste Management of New York, LLC is a wholly-owned subsidiary of Waste Management, Inc., and provides residential waste management services, including garbage collection and disposal in New York.

9. Defendant Waste Management, Inc. is a Delaware corporation with its principal place of business at 1001 Fannin Street, Houston, Texas 77002. Waste Management, Inc. is one of the nation's leading providers of residential waste management services, including garbage collection and disposal.

**NEW YORK GENERAL BUSINESS LAW § 399-zzz**

10. Effective April 18, 2011, New York enacted GBL § 399-zzz, which provides that companies, like Defendants, shall not "charge a consumer an additional rate or fee associated

with payment on an account when the consumer chooses to pay by United States mail or receive a paper billing statement." GBL § 399-zzz(1).

11. The statute provides that "[e]very violation of this section shall be deemed a deceptive act and practice subject to enforcement under article twenty-two-A of this chapter," i.e., GBL § 349. *Id.* § 399-zzz(2) (emphasis added).

12. As the New York Legislature found "paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as those that are uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy." *See* NY State Assembly Memorandum In Support of Legislation, attached as **Exhibit A**.

13. Additionally, "[p]aper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet." *Id.*

14. "Furthermore, such policies impose an additional burden on those customers who choose to file their billing statements for later reference, as such customers will be forced to bear the cost of printing electronic billing statements on their home printer." *Id.*

## CLASS ACTION ALLEGATIONS

15. Plaintiff seeks to represent a class defined as all New York residents who were charged a fee to receive a paper billing statement and/or pay by United States mail by Defendants. Excluded from the Class is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

16. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but

may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

17. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether Defendants charged their customers a fee in order to receive a paper billing statement; (b) whether Defendants charged their customers a fee in order to pay by United States mail; and (c) whether any such fee(s) constitutes a violation of GBL § 399-zzz.

18. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful conduct, based upon Defendants charging their customers a fee in order to receive a paper billing statement and/or pay by United States mail.

19. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

20. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also

presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Deceptive Acts Or Practices, New York GBL § 349
### (On Behalf Of The Class)

21. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

22. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

23. By the acts and conduct alleged herein, Defendants committed deceptive acts and practices by charging their customers a fee in order to receive a paper billing statement and/or pay by United States mail.

24. The foregoing deceptive acts and practices were directed at consumers.

25. The foregoing deceptive acts and practices are misleading in a material way because they constitute an unlawful fee under GBL § 399-zzz.

26. Plaintiff and members of the Class were injured because they were unlawfully charged a fee in order to receive a paper billing statement and/or pay by United States mail.  As a result, Plaintiff and members of the Class have been damaged in the full amount of fees they paid to Defendants in order to receive a paper billing statement.

27. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars,

whichever is greater, three times actual damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A. Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

C. Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D. Grant restitution to Plaintiff and the Class and require Defendant to disgorge their ill-gotten gains;

E. Permanently enjoin Defendants from engaging in the unlawful conduct set forth herein; and

F. Grant any and all such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: September 27, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*
　　Philip L. Fraietta

Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455

Facsimile: (925) 407-2700
Email: fklorczyk@bursor.com

*Attorneys for Plaintiff*