UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIANNE HEIGL, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT OF NEW YORK, LLC,<br><br>                              Defendant. | Civil Action No. 19-cv-05487-WFK-ST |

## DEFENDANT WASTE MANAGEMENT OF NEW YORK, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Waste Management of New York, LLC ("WMNY"), by its undersigned attorneys, Harris Beach PLLC, hereby answers the Complaint of Plaintiff Juliane Heigl ("Plaintiff"), individually and on behalf of all others similarly situated, and alleges the following using the same paragraph numbering as used in the Complaint:

1. WMNY admits that it charged its customers a $6.50 Administrative Charge to cover the costs of generating invoices and processing payments, until the Administrative Charge was suspended in or about September 2019. WMNY denies that this practice violated New York law.

2. WMNY admits the allegations set forth in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, New York General Business Law ("GBL") §§ 399-zzz and 349 speak for themselves, and WMNY respectfully refers the Court to those

sections for their content. Except as expressly stated, WMNY denies all remaining allegations and inferences in paragraph 3 of the Complaint.

4. WMNY denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY respectfully refers the Court to 28 U.S.C. § 1332(d) for its content. WMNY denies that the aggregate amount in controversy exceeds $5,000,000.00, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY respectfully refers the Court to 28 U.S.C. § 1391 for its content, admits that WMNY transacts business within the Eastern District of New York, denies that WMNY is headquartered in this District, and denies that venue is proper in this District.

7. WMNY admits that Plaintiff has had an account with WMNY for approximately 10 years, and admits that WMNY has charged Plaintiff the Administrative Charge described in paragraph 1 above, since at least 2016 through August 2019. WMNY denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's status as a New York citizen or the location of her residence. WMNY denies any remaining allegations in paragraph 7 of the Complaint.

8. WMNY admits that it provides residential waste management services, including garbage disposal and collection in New York. WMNY denies the remaining allegations in paragraph 8 of the Complaint, and further states that WMNY is a Delaware limited liability

2

corporation with its principal place of business in Houston, Texas. The sole member of WMNY is Waste Management of New Jersey, Inc., a Delaware corporation with its principal place of business in Ewing, New Jersey.

9. WMNY denies that the allegations of paragraph 9 have any relevance to this action because Waste Management, Inc. ("WMI"), has been dismissed pursuant to a stipulation between the parties. To the extent a response is required, WMNY admits that WMI is a Delaware corporation with its principal place of business at 1001 Fannin Street, Houston, Texas 77002.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY respectfully refers the Court to GBL § 399-zzz for its content.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY respectfully refers the Court to GBL § 399-zzz for its content.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY respectfully refers the Court to the document attached to the Complaint as Exhibit A for its content.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY respectfully refers the Court to the document attached to the Complaint as Exhibit A for its content.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY respectfully refers the Court to the document attached to the Complaint as Exhibit A for its content.

15. WMNY admits that Plaintiff is attempting to assert a class defined as all New York residents who paid the Administrative Charge described in paragraph 1 above. WMNY denies that the Complaint states any viable cause of action against WMNY, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff is entitled to recover any relief from WMNY. Except as expressly stated, WMNY denies all remaining allegations and inferences in paragraph 15 of the Complaint.

16. WMNY denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY denies knowledge or information sufficient to form a belief as to the truth of the allegation that common questions of law and fact exist among all members of the putative class, and that those alleged common questions predominate over questions affecting only individual members of the putative class. WMNY denies the appropriateness of a class.

18. WMNY denies the allegations contained in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains legal conclusions to which on response is required. To the extent a response is required, WMNY denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, denies the appropriateness of a class, and denies that any class can be certified in this matter.

## COUNT I

21. WMNY incorporates its responses from all previous paragraphs as if fully set forth herein.

22. WMNY denies all allegations and inferences in paragraph 22 of the Complaint and denies that Plaintiff or others are entitled to any recovery from WMNY.

23. WMNY denies the allegations in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY denies all allegations and inferences in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY denies all allegations and inferences in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WMNY denies all allegations and inferences in paragraph 26 of the Complaint.

27. WMNY admits that Plaintiff is seeking injunctive relief and damages on behalf of herself and other members of the putative class, but denies that WMNY committed any unlawful acts or practices, denies the appropriateness of a class, and denies that Plaintiff or others are entitled to any recovery from WMNY.

28. WMNY denies that Plaintiff or putative class members are entitled to any of the relief requested in any portion of the "WHEREFORE" Prayer for Relief in the Complaint.

29. WMNY denies any and all allegations not specifically admitted or denied above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

30. This action is barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

31. The allegations in the Complaint fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DFFENSE

32. Venue is improper in this District because WMNY does not reside in this District, and the alleged events or omissions giving rise to the claim occurred in the Western District of New York.

### FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred because Plaintiff has failed to mitigate any alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred by laches.

### SIXTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred because GBL § 349-zzz is unconstitutionally vague.

### SEVENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred by ratification.

### EIGHTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by waiver.

### NINTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by estoppel.

## TENTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred because her own conduct caused or contributed to her alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

40. WMNY did not knowingly or willfully violate GBL § 399-zzz or any applicable statute or regulation.

## TWELFTH AFFIRMATIVE DEFENSE

41. Plaintiff's claim for injunctive relief fails because she has an adequate and complete remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

42. This matter is not appropriate for class certification because Plaintiff is not an adequate representative of the proposed class.

## FOURTEENTH AFFIRMATIVE DEFENSE

43. This matter is not appropriate for class certification because common questions of law and fact do not predominate over questions affecting only individual members of the proposed class.

## FIFTEENTH AFFIRMATIVE DEFENSE

44. This matter is not appropriate for class certification because the proposed class members cannot be ascertained in an efficient manner, and any identification of potential class members would defeat the efficiency purposes of a class action.

## SIXTEENTH AFFIRMATIVE DEFENSE

45. This matter is not appropriate for class certification because Plaintiff's claims are not typical of the claims of members of the proposed class.

### SEVENTEENTH AFFIRMATIVE DEFENSE

46. This matter is not appropriate for class certification because, upon information and belief, the underlying claim will not meet the numerosity requirement for the certification of any class.

### EIGHTEENTH AFFIRMATIVE DEFENSE

47. This Court lacks subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy does not exceed the sum of $5,000,000, exclusive of interest and costs.

### ADDITIONAL AFFIRMATIVE DEFENSES

48. WMNY reserves the right to assert additional affirmative defenses in accordance with applicable law as they become known or as changes in the law occur.

**WHEREFORE**, Defendant Waste Management of New York, LLC, respectfully requests that the Court: (i) enter final judgment dismissing the claims asserted in Plaintiff's Complaint; (ii) deny certification of the putative class; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: December 4, 2019
       Pittsford, New York

Respectfully Submitted,

**Harris Beach PLLC**

*/s/ Nicholas C. Roberts, Esq.*
Philip G. Spellane, Esq.
Nicholas C. Roberts, Esq.
*Attorneys for Defendant*
99 Garnsey Road
Pittsford, New York 14534
Tel: (585) 419-8749
pspellane@harrisbeach.com
nroberts@harrisbeach.com

To:   **Bursor & Fisher, P.A.**
      Philip L. Fraietta, Esq.
      *Attorneys for Plaintiff*
      888 Seventh Avenue
      New York, New York 10019
      Tel: (646) 837-7150
      pfraietta@bursor.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record of the parties, whether via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: */s/ Nicholas C. Roberts, Esq.*
**HARRIS BEACH PLLC**
Nicholas C. Roberts, Esq.
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8749
nroberts@harrisbeach.com

Philip G. Spellane, Esq.
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8638
pspellane@harrisbeach.com

*Attorneys for Defendant*
*Waste Management of New York, LLC*

312895\4815-7676-4846\ v1