UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JULIANNE HEIGL individually and on behalf of all others similarly situated,

        Plaintiff,

v.

WASTE MANAGEMENT OF NEW YORK, LLC,

        Defendant.

Civil Action No. 19-cv-05487-WFK-ST

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending before the Court entitled *Heigl v. Waste Management of New York, LLC*, No. 1:19-cv-05487-WFK-ST; and

WHEREAS, Plaintiff Julianne Heigl, and Defendant Waste Management of New York, LLC ("Defendant" or "Waste Management") have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement") (ECF No. 24-3); and

WHEREAS, all parties to the settlement have consented to the undersigned Magistrate Judge's jurisdiction for all matters related to the proposed class action settlement; and

WHEREAS, on August 27, 2020 the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "all Waste Management residential subscription customers (*i.e.*, individual consumers who subscriber to Waste Management's residential services, but not including individuals whose residential waste collection services is/was provided by Waste Management pursuant to a contract awarded following a competitive bidding process) with a New York mailing address who from September 27, 2016 to and through the date of this Order were charged and paid Defendant's Administrative Charge." (ECF No. 27 ¶ 9); and

WHEREAS, nothing has occurred since the entry of the Preliminary Approval Order which causes this Court to alter the findings it made in the Preliminary Approval Order in support of the approval of the settlement entered into between the Parties; and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement (ECF No. 24-3), as well as Plaintiff's Motion for Final Approval of the Settlement Agreement (ECF No. 32), Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, And Incentive Award (ECF No. 29), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on January 6, 2021, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 24-3) and order granting Preliminary Approval (ECF No. 27) – including (i) direct notice to the Settlement Class via U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4. One individual – listed in Exhibit D to the December 16, 2020 Declaration of

Settlement Administrator (ECF No. 32-10) – has submitted a timely, valid request for exclusion and is therefore excluded from the Settlement Class.

5. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

6. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the parties' exchange of relevant information, and the fact that the Settlement is the result of arms-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

7. The Court has specifically considered the factors relevant to class action settlement approval, including:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *see also* Fed. R. Civ. P. 23(e).

8. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

9. Accordingly, the Settlement is hereby finally approved in all respects.

10. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11. This Court hereby dismisses the Action on the merits and with prejudice.

12. Upon the Effective Date of this Final Judgment, Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present or past heirs, spouse, parent, child, guardian, associate, co-owners, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations shall be deemed to have released Waste

Management, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, independent contractors, insurers (collectively "Released Parties"), including without limitation, for each Released Party, its employees, directors, managing directors, officers, trustees, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on New York General Business Law ("GBL") § 399-zzz, GBL § 349, or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act arising out of or in any way allegedly related to rates or fees, or differentials in rates or fees, associated with the receipt of paper billing statements and/or payments by mail, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

13. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all

5

other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

14. The Court has also considered Plaintiff's Motion For Attorneys' Fees, Costs, Expenses, And Incentive Award, as well as the supporting memorandum of law and declarations (ECF No. 29 to 29-15), and adjudges that the payment of attorneys' fees, costs, and expenses in the amount of $900,000.00 is reasonable in light of the multi-factor test used to evaluate fee awards in the Second Circuit. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. The Court has also considered Plaintiff's Motion, memorandum of law, and supporting declarations for an incentive award to the Class Representative, Julianne Heigl. *See* ECF No. 29-15 at 21-22. The Court adjudges that the payment of an incentive award in the amount of $5,000 to the Class Representative to compensate her for her efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not negotiated within one hundred and eighty (180) days of issuance shall revert to the Legal Aid Society, Inc., which the Court approves as an appropriate *cy pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

17. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement), including extensions of time, so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

18. If this Final Judgment is reversed or vacated on appeal, or the Settlement Agreement is terminated pursuant to its terms, all orders entered in connection herewith shall be null and void and the Parties shall be restored to their respective positions as if the settlement had never been entered into, and any documents in connection with the settlement of this matter shall not be used or referred for any purpose in this Action or any other proceeding.

19. This Order, the Settlement Agreement, and any documents in connection with the settlement of this matter shall not be construed as an admission of any fault, liability, or wrongdoing on the part of Waste Management or the Released Parties, which Waste Management and the Released Parties expressly denied. This Order, the Settlement Agreement, and any documents in connection with the settlement of this matter shall not be offered against Waste Management or the Released Parties in any other action or proceeding of any kind. Waste Management and any Released Parties shall be permitted to utilize this Order and the Settlement Agreement for purposes of enforcing this Order and the Settlement Agreement and to support any claims and defenses Waste Management and the Released Parties may have.

20. Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

21. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of

Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment, and hereby dismisses this Action with prejudice, with each party to bear their own costs, except as provided in this Order or in the Settlement Agreement.

IT IS SO ORDERED, this 19th day of May, 2021.

/s
The Honorable Steven L. Tiscione
United States Magistrate Judge